UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CHANTAL SMITH,  :
           Plaintiff,  :
   :
v.  :   **OPINION AND ORDER**
   :
   :   22 CV 5231 (VB)
ST. JOSEPH'S MEDICAL CENTER and  :
MARGARET CUSUMANO,  :
           Defendants.  :
--------------------------------------------------------------x

Briccetti, J.:

     Plaintiff Chantal Smith, proceeding pro se and in forma pauperis, brings this action against defendant St. Joseph's Medical Center ("SJMC"), her former employer, and defendant Margaret Cusumano,[1] the head of the nursing department at SJMC. Liberally construing plaintiff's complaint (Doc. #2 ("Compl.")), she asserts claims for discrimination on the basis of her race, color, religion, and sex pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., pattern or practice of discrimination, retaliation, and harassment or hostile work environment.

     Plaintiff's claims are based on allegations that she was terminated by SJMC for refusing to receive the COVID-19 vaccine, as required by the New York State Department of Health's mandate, on religious grounds; writing up her supervisors and Cusumano to SJMC's human resources department; and reporting the hospital to a government entity.

     Now pending is defendants' motion for summary judgment. (Doc. #29).

     Plaintiff did not oppose the motion, despite the Court granting her request for an extension of time to do so. (Docs. ##35, 37).

---

[1]    Plaintiff misspells Cusumano's name as "Margrett Cusomano" in the complaint.

1

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a).

**BACKGROUND**

Defendants submitted a memorandum of law, a statement of undisputed material facts pursuant to Local Civil Rule 56.1,[2] and supporting declarations and exhibits. Together, along with limited portions of plaintiff's complaint and attached EEOC charge as indicated below, they reflect the following relevant background.

Plaintiff was employed as a ward clerk in the emergency department at SJMC, a healthcare facility in Yonkers, New York, from approximately October 2011 to November 2021. Plaintiff's job consisted of assisting doctors, nurses, and other hospital personnel in the emergency room and handling patient transfers. Plaintiff sat at a desk near the entrance to the emergency department and was typically the first hospital employee with whom patients and visitors interacted when entering the emergency room. She was also often close to and interacted with EMS technicians and patients waiting to be triaged. During the COVID-19 pandemic in the summer and fall of 2021, visitors were restricted from visiting the emergency room, but plaintiff continued to interact with nurses, doctors, patients, and others.

---

[2]  Because plaintiff did not respond to defendants' Rule 56.1 statement, the Court may deem the facts in the Rule 56.1 statement to be undisputed. See Local Civil Rule 56.1(c). Nonetheless, plaintiff is proceeding pro se and has failed to oppose the motion, so the Court must be "satisfied that the facts as to which there is no genuine dispute show that the moving party is entitled to summary judgment as a matter of law." Jackson v. Jackson, 2021 WL 981849, at *4 (S.D.N.Y. Mar. 16, 2021). Accordingly, the Court has independently reviewed the factual record with respect to each of defendants' statements of material undisputed fact.

Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Plaintiff will be provided copies of all unpublished cases cited in this opinion. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

In the late summer of 2021, SJMC informed plaintiff the New York State Department of Health required SJMC employees, including her, to be vaccinated for COVID-19. Plaintiff filled out a vaccination survey informing the hospital she refused to be vaccinated.

In the fall of 2021, plaintiff submitted a written request for "a religious accommodation, under Title VII and any similar New York state law(s), that will excuse me from having to receive a Covid-19 vaccine, and further request that no adverse employment action be taken against me on my religious beliefs." (Doc. #32-2 at ECF 4).[3]

On September 30, 2021, SJMC responded to plaintiff's request, stating she could continue working at SJMC until a federal judge ruled as to whether the vaccination mandate allowed SJMC to grant a religious exemption.

In her EEOC charge, plaintiff claimed she took a three-week vacation starting October 22, 2021.

By letter dated November 1, 2021, SJMC advised plaintiff that because the Second Circuit ruled there was no religious exemption to the New York State Department of Health's vaccination mandate, she would be placed on administrative leave without pay effective November 2, 2021, and she would be considered to have voluntarily resigned if she did not comply with the mandate by November 12, 2021.

When plaintiff reported to work on November 15, 2021, following her vacation, she was told the religious exemption was no longer in effect. Plaintiff understood at that point she was required to be vaccinated to continue working at SJMC. On November 29, 2021, SJMC sent plaintiff a letter stating because she had not complied with the vaccination mandate, SJMC

---

[3] "ECF __" refers to page numbers automatically assigned by the Court's Electronic Filing System.

considered her to have voluntarily resigned from her employment as of that date.

Plaintiff believes she was terminated in retaliation for reporting the hospital to an entity plaintiff called the New York State Department "Justice Center" and "New York State Health Customer Relations" regarding the way the hospital treated plaintiff's sister when she was admitted for psychiatric issues. (Doc. #31-2 at ECF 35).

Plaintiff also alleges she had "written up" two supervisors and defendant Cusumano, who was the head of the nursing department at SJMC, "about their policy to Human Resource[s]." (Doc. #31-2 at ECF 37). She further alleges in her complaint that a "Mr. Howells" had addressed her about writing him up and that no other action was taken by Human Resources. (Compl. at ECF 5). However, plaintiff does not specify when she submitted these write ups, what policy she was referring to, or how it relates to her termination or any other conduct at issue here.

## DISCUSSION

I.     Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact, and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Id.

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby,

Inc., 477 U.S. at 248.  The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."  Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010).  It is the moving party's burden to establish the absence of any genuine issue of material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in the non-movant's favor, on the issue on which summary judgment is sought, summary judgment is improper.  Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82–83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need consider only evidence that would be admissible at trial.  Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1988).  The burden to proffer evidence admissible pursuant to the Federal Rules of Evidence applies "equally to pro se litigants."  Varughese v. Mt. Sinai Med. Ctr., 2015 WL 1499618, at *4 (S.D.N.Y. Mar. 27, 2015) (citing Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001)).  Bald assertions, unsupported by admissible evidence, are thus not sufficient to overcome summary judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

Although courts must afford a pro se litigant special solicitude on a motion for summary judgment, such solicitude "does not relieve [a] plaintiff of [her] duty to meet the requirements necessary to defeat a motion for summary judgment."  Jorgensen v. Epic/Sony Recs., 351 F.3d 46, 50 (2d Cir. 2003).

II.   Title VII Discrimination

Defendants argue they are entitled to summary judgment on plaintiff's Title VII religious

discrimination claim[4] because plaintiff has not established a prima facie case of discrimination, the record shows her termination was motivated by legitimate, non-discriminatory reasons, and there are no triable issues of fact with respect to whether these reasons were merely a pretext for discrimination.

Even assuming plaintiff has established a prima facie case, the Court agrees defendants have proffered a legitimate reason for her termination and there is no material dispute of fact regarding whether this reason was pretextual.

A.     Legal Standard

Title VII protects employees from discrimination based on certain protected characteristics, including religion. See 42 U.S.C. § 2000e-2(a). To establish a prima facie case of discrimination, a plaintiff must show she: (i) is a member of a protected class; (ii) qualified for the position; (iii) suffered an adverse employment action; and (iv) the adverse action took place under circumstances giving rise to the inference of discrimination. Holcomb v. Iona Coll., 521 F.3d 130, 138 (2d Cir. 2008). The "burden of establishing a prima facie case is de minimis." Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 467 (2d Cir. 2001).

If the plaintiff successfully presents a prima facie case, the burden then shifts to defendants to proffer one or more legitimate, non-discriminatory reasons for the adverse employment action. Espinoza v. N.Y.C. Dep't of Transp., 304 F. Supp. 3d 374, 387 (S.D.N.Y. 2018). A defendant's burden at this stage is "light," Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 52 (2d Cir. 1998), and the defendant "does not need to prove by a preponderance of the

---

[4]  While plaintiff marked the boxes claiming she was discriminated against on the basis of her race, color, sex, and religion (Compl. at ECF 3), the allegations in her complaint and attached EEOC charge involve only religion, and no evidence has been submitted suggesting plaintiff was terminated on the basis of her race, color, or sex. Accordingly, defendants are entitled to summary judgment on any claim for discrimination on those bases.

evidence that the rationale was not discriminatory, but must present a clear explanation for the action." Espinoza v. NY.C. Dep't of Transp., 304 F. Supp. 3d at 387.  This burden "is one of production, not persuasion; it can involve no credibility assessment." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (1993).

The burden then shifts back to the plaintiff to demonstrate a reasonable jury could conclude, by a preponderance of the evidence, the proffered reason is a pretext for discrimination.  See Holcomb v. Iona Coll., 521 F.3d at 141.  To do so, a plaintiff must show only that the proffered reasons for the adverse action "were not the only reasons and that the prohibited factor was at least one of the motivating factors." Id. at 138.

B.      Analysis

Assuming, without deciding, plaintiff has met her de minimis burden of establishing a prima facie case of discrimination, the Court finds defendants have proffered a legitimate, non-discriminatory reason for plaintiff's termination—her failure to comply with the vaccination mandate—and plaintiff has not raised a triable issue of fact as to whether defendants' proffered reason was merely a pretext for discrimination.

The vaccination mandate promulgated by the Department of Health directed hospitals to require certain of their employees to be fully vaccinated against COVID-19.  10 N.Y.C.R.R. § 2.61 (repealed 2023).  The mandate applied to hospital employees and staff members "who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." Id. § 2.61(a)(2).  The mandate allowed hospitals to provide personnel a medical exemption but contained no exemption for personnel who opposed vaccination on religious or other grounds.

There is no dispute that plaintiff's job required her to interact with patients and other covered personnel. Plaintiff testified she sat at the entrance to the emergency room, interacted with patients and visitors when they first arrived at the hospital, and interacted with doctors, nurses, and others. (Doc. #31-2 at ECF 9–12). As such, plaintiff was required to be vaccinated under the mandate. Moreover, plaintiff never disputed that she was subject to the mandate, but instead requested that SJMC allow her to continue working without receiving the vaccine due to her religious beliefs. Indeed, plaintiff testified she was told she was required to be vaccinated by law and that she could not continue working at SJMC if she did not comply. (Id. at ECF 21, 29). Plaintiff did not comply. Defendants have therefore proffered a legitimate, non-discriminatory reason for plaintiff's termination.

In addition, there is no evidence that would allow a reasonable jury to conclude this reason was merely a pretext for discrimination. While the complaint itself contains no factual allegations regarding the purported discrimination, the attached EEOC charge states plaintiff was told she was terminated for her "failure to comply with the Covid-19 vaccine mandate charge." (Compl. at ECF 9). This is consistent with the undisputed fact that on October 5, 2021—well before SJMC deemed her employment a voluntary resignation—plaintiff wrote a letter to SJMC's human resources department stating that SJMC "has directed me to get vaccinated with a Covid-19 vaccine, or suffer adverse employment action." (Doc. #32-2 at ECF 4).

The undisputed record further establishes SJMC allowed plaintiff to keep working after she requested a religious exemption while the legality of the mandate was under judicial review (Doc. #32-3 at ECF 2), and terminated plaintiff only after the Second Circuit's decision affirmed that SJMC could not grant plaintiff a religious exemption (Doc. #32-4 at ECF 2); see We the Patriots USA, Inc. v. Hochul, 17 F.4th 266, 292 (2d Cir. 2021), opinion clarified, 17 F.4th 368

8

(2d Cir. 2021). There is nothing in the record that would allow a reasonable jury to conclude plaintiff's religion was a motivating factor in, or indicating defendants' proffered reason was merely a pretext for, plaintiff's termination.

Accordingly, defendants are entitled to summary judgment on plaintiff's Title VII religious discrimination claim.

III.     Pattern or Practice of Discrimination

Defendants argue plaintiff alleged no facts and produced no evidence demonstrating SJMC engaged in a pattern or practice of religious discrimination.

The Court agrees.

A pattern or practice theory of discrimination requires a plaintiff to establish that "discrimination was the company's standard operating procedure—the regular rather than the unusual practice." Int'l Brotherhood of Teamsters v. United States, 431 U.S. 324, 336 (1977). Supreme Court precedent "sets a high bar for the prima facie case the Government or a class must present in a pattern-or-practice case: evidence supporting a rebuttable presumption that an employer acted with the deliberate purpose and intent of discrimination against an entire class." United States v. City of New York, 717 F.3d 72, 87 (2d Cir. 2013). Pattern or practice of discrimination cases are often characterized by a "heavy reliance on statistical evidence." Reynolds v. Barrett, 685 F.3d 193, 203 (2d Cir. 2012). A plaintiff's unsupported personal beliefs cannot provide the sole evidence of a pattern or practice of discrimination. Ahmad v. Nassau Health Care Corp., 234 F. Supp. 2d 185, 194 (E.D.N.Y. 2002).

Plaintiff alleged she was discriminated against by being terminated for refusing to receive the COVID-19 vaccine. However, beyond writing "pattern/practice" in her complaint (Compl. at ECF 4), plaintiff has not alleged any specific instance of discriminatory animus, nor is there any

9

statistical, circumstantial, or anecdotal evidence present from which a reasonable jury could find discrimination was defendants' standard operating procedure or which otherwise supports a pattern or practice of discrimination at SJMC.

Accordingly, defendants are entitled to summary judgment on plaintiff's pattern or practice of discrimination claim.

IV.     Retaliation

To the extent plaintiff asserts a claim for retaliation, defendants argue there is no evidence defendants knew of plaintiff's alleged protected activity and no evidence of a causal connection between the alleged protected activity and plaintiff's termination.

The Court agrees.

To establish a prima facie case of retaliation, a plaintiff must show: "(1) she engaged in a protected activity; (2) her employer was aware of this activity; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity." Summa v. Hofstra Univ., 708 F.3d 115, 125 (2d Cir. 2013). Complaints of unfair treatment or "generalized grievances about an unpleasant or even harsh work environment, without more . . . fail to rise to the level of protected activity." Green v. Mount Sinai Health Sys., Inc., 826 F. App'x 124, 125 (2d Cir. 2020) (summary order). It is a plaintiff's responsibility to clarify to her employer that she "is complaining of unfair treatment due to [her] membership in a protected class." Aspilaire v. Wyeth Pharms., Inc., 612 F. Supp. 2d 289, 308–09 (S.D.N.Y. 2009).

For purposes of a retaliation claim, causation can be established: (i) "indirectly, by showing that the protected activity was followed closely by discriminatory treatment"; or (ii) "directly, through evidence of retaliatory animus against the plaintiff by the defendant." Gordon

v. N.Y.C. Bd. of Educ., 232 F.3d 111, 117 (2d. Cir. 2000).  Temporal proximity between the adverse action and the protected activity may be sufficient on its own to establish prima facie the element of causation.  Parron v. Herbert, 768 F. App'x 75, 77 (2d Cir. 2019) (summary order).

Here, plaintiff alleges she "had written up" Cusumano and two other supervisors about "their policy," but does not specify when or why she wrote those complaints.  (Compl. at ECF 5).  In her deposition, plaintiff testified she also reported SJMC to the "New York State Department" or the "Justice Center" and "New York State Health Customer Relations" for the way her sister was treated as a patient at SJMC.  (Doc. #31-2 at ECF 35).  These generalized grievances about SJMC policy and patient treatment at an unspecified time in relation to plaintiff's termination would not permit a reasonable jury to conclude that plaintiff's alleged protected activity was causally connected to her termination.

Accordingly, defendants are entitled to summary judgment on plaintiff's retaliation claim.

V.      Harassment or Hostile Work Environment

To the extent plaintiff asserts a claim for harassment or hostile work environment, defendants argue there is no evidence to support her claim.

The Court agrees.

To establish a Title VII hostile work environment claim, "a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Gorzynski v. JetBlue Airways Corp., 595 F.3d 93, 102 (2d Cir. 2010).  Beyond marking the box for "harassed me or created a hostile work environment" in the adverse employment action section of her complaint (Compl. at

ECF 5), plaintiff has not put forth even conclusory allegations, let alone evidence, to demonstrate a genuine dispute of material fact, supporting a harassment or hostile work environment claim.

Accordingly, defendants are entitled to summary judgment on plaintiff's harassment or hostile work environment claim.[5]

## CONCLUSION

The motion for summary judgment is GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motion (Doc. #29) and close this case.

Chambers will mail a copy of this Opinion and Order and all unpublished decisions cited herein to plaintiff at the address on the docket.

Dated:  May 7, 2024
       White Plains, NY

SO ORDERED:

_Vincent L. Briccetti_
Vincent L. Briccetti
United States District Judge

---

[5] Because the Court holds defendants are entitled to summary judgment on all claims, it need not decide whether defendant Cusumano would be individually liable.  However, as a matter of law, the Court notes "individuals are not subject to liability under Title VII."  Patterson v. County of Oneida, 375 F.3d 206, 221 (2d Cir. 2004).